IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANNIE LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 14-0123-WS-C |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court on the Government's filing styled "Motion for Reconsideration of Entry of Default Judgment or Alternatively for Set Aside or Relief" (doc. 14). The Motion has been briefed and is now ripe.

    Some ten months ago, on March 14, 2014, plaintiff, Jeannie Lee, filed a Complaint (doc. 1) against the United States of America and the U.S. Department of Agriculture ("USDA"), appealing a USDA administrative decision. After multiple show cause orders, Lee (by and through counsel of record) filed an "Application to Clerk of Court for Entry of Default" (doc. 11) pursuant to Rule 55(a), Fed.R.Civ.P., on December 16, 2014. In support of this Application, plaintiff showed that she had served a copy of the summons and complaint on the defendant USDA by certified mail back on September 12, 2014; that the USDA had failed to appear in or take any discernable steps to defend against this action; and that the 60-day period prescribed for it to file an answer or responsive pleading had expired.[1] In accordance with the plain language of Rule 55(a), which provides that when a party's failure to plead or otherwise defend "is shown

---

[1] The September 12 certified mailing was not the USDA's only notice of this lawsuit. Indeed, this Court specifically directed that a copy of its Show Cause Order (doc. 9) entered on December 9, 2014, be mailed to the United States Attorney's Office in Mobile, Alabama, to place that office on notice of the likelihood of imminent default proceedings in this action. In response, defendants neither appeared nor submitted any filing setting forth their position as to why entry of default might not be appropriate.

by affidavit or otherwise, the clerk must enter the party's default," a Clerk's Entry of Default (doc. 13) was entered as to USDA on December 22, 2014.

Four days later, on December 26, 2014, the Government filed its Motion seeking relief from this Court's purported "entry of default judgment" against the USDA, insisting that default judgment is "premature" because plaintiff failed to perform proper service of process on the USDA as required by Rule 4(i)(2), Fed.R.Civ.P., and requesting that the Court either reconsider or set aside the purported "default judgment" against the USDA. For her part, Lee opposes the Motion, contending that the Government has had notice of the Complaint for quite some time but has never filed a responsive pleading, with the delay causing "additional damages" to Lee in the interim.

From the outset, several points of clarification are necessary, as both sides appear to misunderstand the procedural posture of this action. First, no default judgment has been entered against anybody in this case. To date, there is only a Clerk's Entry of Default against the USDA. Such a default is a precursor to, but is analytically and procedurally distinct from, a default judgment. To the extent, then, that the Government is requesting "reconsideration of entry of default judgment," the Motion is moot because no default judgment has been entered against any defendant. Second, while the Government is correct that notice does not equate to legally sufficient service of process, nothing in the text of Rule 55(a) would appear to impose on a federal district court the obligation to conduct a *sua sponte* analysis of service of process issues that the defendant has never raised antecedent to a Clerk's Entry of Default. Had defendant wished to challenge the sufficiency of service of process, its recourse was to file a Rule 12(b)(5) motion explaining its position. By electing not to do so, the Government remained vulnerable to a clerk's entry of default, which is precisely what happened. The Government's decision to stand by in silence does not shift the burden to this Court to investigate the adequacy of service of process before a Clerk's Entry of Default may be entered. The Government has presented no authority, and the Court is aware of none, demonstrating that the December 19 Order and accompanying Clerk's Entry of Default were in error. The Motion for Reconsideration is therefore **denied**.

In the alternative, the Government requests that the Clerk's Entry of Default be set aside pursuant to Rule 55(c), which provides that "[t]he court may set aside an entry of default for

good cause." Rule 55(c), Fed.R.Civ.P.[2] As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also American Family Home Ins. Co. v. Hillery*, 2009 WL 197970, *1 (S.D. Ala. Jan. 23, 2009) (citation omitted). Here, the Government has made a convincing showing of good cause, inasmuch as service of process was never perfected on the USDA in a manner that comports <u>fully</u> with the requirements of Rule 4(i)(2), Fed.R.Civ.P.[3] Plaintiff has not provided any contrary showing of full compliance with Rule 4(i)(2), but instead appears to be arguing that as long as the USDA has received notice of this lawsuit, service of process is sufficient. The Federal Rules of Civil Procedure neither endorse nor support such reasoning.

In light of the strong policy of determining cases on their merits, the defects in service of process on the USDA, and the Government's prompt action to set aside the default upon entry of same, the Court finds that the requisite "good cause" exists under Rule 55(c) to set aside the default. *See generally Hillery*, 2009 WL 197970, at *1 (under Rule 55, "the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the default"). Accordingly, the Government's alternative Motion for Set Aside is **granted**, and the Clerk's Entry of Default (doc. 13) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P.

---

[2] That rule goes on to specify that a court "may set aside a default judgment under Rule 60(b)," and the Government relies extensively on this Rule 60(b) standard in its Motion. Of course, as previously stated, no default judgment has been entered against the USDA; therefore, the Motion is informed by the less stringent "good cause" standard of Rule 55(c), not Rule 60(b).

[3] Specifically, the rule requires that in order to serve a United States agency, "a party must serve the United States ***and also*** send a copy of the summons and of the complaint by registered or certified mail to the agency." Rule 4(i)(2), Fed.R.Civ.P. (emphasis added). To serve the United States, of course, a party must deliver or mail a copy of the summons and complaint to the United States Attorney's Office; and send a copy of the summons and complaint to the Attorney General of the United States via registered or certified mail. *See* Rule 4(i)(1)(A)-(B). What this means is that Lee has not properly served process on the USDA unless she has done all of the following: (i) mailed the summons and complaint to the agency directly; (ii) mailed or delivered the summons and complaint to the U.S. Attorney's Office for the Southern District of Alabama; and (iii) mailed the summons and complaint to the Attorney General in Washington, D.C. The court file reflects that Lee has completed only the first requirement; therefore, she has not validly, properly served process on the USDA in this lawsuit. Moreover, with respect to defendant the United States of America, the court file does not reflect that Lee has taken any steps to achieve service of process.

The remaining question is this: Where do we go from here? This civil action has been pending for ten months without plaintiff having taken the basic, necessary steps under the Federal Rules of Civil Procedure to perfect service on defendants. This sort of protracted delay is contrary to the letter and spirit of Rule 4(m), Fed.R.Civ.P., as well as the obligation of plaintiffs in federal court to prosecute their claims with reasonable diligence. For that reason, the Court **orders** plaintiff to serve process on both defendants in strict compliance with Rule 4(i), Fed.R.Civ.P., and to submit proofs of service documenting same, on or before **February 13, 2015**. Absent full and timely compliance with this directive, the undersigned may dismiss the Complaint without prejudice for failure to perfect service of process in a timely manner, failure to prosecute, and failure to comply with court orders.

DONE and ORDERED this 12th day of January, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE