IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANNIE LEE,   ) | |
|   ) | |
|    Plaintiff,   ) | |
|   ) | |
| v.   ) | CIVIL ACTION 14-0123-WS-C |
|   ) | |
| UNITED STATES OF AMERICA, *et al.*,   ) | |
|   ) | |
|    Defendants.   ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

Plaintiff, Jeannie Lee, proceeding by and through counsel, commenced this lawsuit by filing a Complaint (doc. 1) against the United States of America and the U.S. Department of Agriculture nearly a year ago. The ensuing 11 months have been marked by a multiplicity of judicial reminders, instructions, second chances, and opportunities for plaintiff to take appropriate measures to join and serve the named defendants. Nonetheless, some 342 days after the Complaint was filed, the court file remains devoid of evidence that plaintiff has served process on defendants in a manner that comports with Rule 4(i), Fed.R.Civ.P.

In a detailed Order (doc. 18) entered on January 12, 2015, this Court pointed Lee to Rule 4(i), and explained precisely what she must do to perfect service of process on these federal governmental defendants.[1] The January 12 Order went on express dismay at plaintiff's "protracted delay" in completing "the basic, necessary steps" required to serve process on defendants. (Doc. 18, at 4.) The Order characterized such an inordinate interval as "contrary to

---

[1] Indeed, the January 12 Order set forth Lee's service of process obligations in clear, step-by-step terms as follows: "Lee has not properly served process on the USDA unless she has done all of the following: (i) mailed the summons and complaint to the agency directly; (ii) mailed or delivered the summons and complaint to the U.S. Attorney's Office for the Southern District of Alabama; and (iii) mailed the summons and complaint to the Attorney General in Washington, D.C." (Doc. 18, at 3 n.3.) With respect to defendant United States, the January 12 Order also furnished plaintiff with specific guidance as to what steps must be taken.

the letter and spirit of Rule 4(m)," as well as to Lee's obligation as a federal plaintiff to proceed "with reasonable diligence." (*Id.*) These remarks were reduced to concrete, specific action items and deadlines, to-wit:

> "[T]he Court **orders** plaintiff to serve process on both defendants in strict compliance with Rule 4(i), Fed.R.Civ.P., and to submit proofs of service documenting same, on or before **February 13, 2015**. Absent full and timely compliance with this directive, the undersigned may dismiss the Complaint without prejudice for failure to perfect service of process in a timely manner, failure to prosecute, and failure to comply with court orders."

(*Id.*) Plaintiff was given a generous 32-day window to take the simple steps necessary to serve process on defendants and get this case on track after nearly a year of plaintiff-imposed stalls and inactivity.

In response to this gift-wrapped second (or, more accurately, third or even fourth) chance at redemption, plaintiff appears to have done nothing. The court file is devoid of any acknowledgment by plaintiff of these clear instructions, much less any indication that she has undertaken to comply. She has not requested an extension, and her February 13 deadline for compliance expired nearly a week ago. The resulting procedural posture of this action – 11.5 months into a federal civil lawsuit without proper service of process (which was readily attainable) on governmental defendants or any plausible explanation for the delay – is antithetical to the requirements of Rule 4(m), Fed.R.Civ.P. It also conflicts with Lee's obligation as a federal litigant to prosecute her lawsuit with reasonable diligence. Most importantly, plaintiff's latest omission contravenes the express directives of the January 12 Order, despite her receiving actual notice of the adverse consequences (*i.e.*, the sanction of dismissal) that might follow.

It is well-settled that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The January 12 Order was both reasonable and well-grounded in law, yet Lee did not comply with it, even after being warned of the dire consequences of inaction. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before

them, which includes the authority to impose 'reasonable and appropriate' sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice") (citations and internal quotation marks omitted). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4–5 (1st Cir. 2002). All of these factors are present in this case.

Lee was ordered to complete service of process on defendants and to file proof of same by no later than February 13, 2015. The Court likewise admonished Lee (who is represented by counsel) in the plainest of terms that failure to comply in a full and timely manner may result in dismissal of her claims. Yet Lee did not file a timely response. She did not file anything. She did not request an additional extension of time, not did she seek relief from the strict terms of the January 12 Order. The result is that this action has now been pending for nearly one year, without plaintiff having taken the basic, routine steps prescribed by Rule 4(i) for service of process on the United States and its agencies.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss plaintiff's claims for her failure to failure to comply with the service requirements of Rule 4(m), her failure to prosecute this action, her clear record

of delay and contumacious conduct, and her failure to abide by the orders of this Court.  This action is **dismissed without prejudice** pursuant to Rules 4(m) and 41(b), Fed.R.Civ.P., and the inherent powers of this Court.  A separate judgment will enter.

    DONE and ORDERED this 19th day of February, 2015.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE